NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CLARENCE CHISLUM<br><br>　　　　　　Plaintiff,<br>v.<br><br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br><br>　　　　　　Defendants. | Civ. No. 01-4901 (SRC)<br><br>**O P I N I O N** |

**CHESLER**, District Judge

　　　This matter comes before the Court pursuant to Defendants' Motions for Partial Dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure, and in Limine under Rules 402, 403 and 801 of the Federal Rules of Evidence [docket # 104].

**BACKGROUND:**

　　　Plaintiff filed this action on October 18, 2001, naming as Defendants the Department of Corrections, Jack Terhune, Susan Maurer, Roy Hendricks, Donald Mee, Debbie Faunce, Alfaro Ortiz, Sgt. Gregory Hall, SCO Andrew Bonner, SCO Steven Brzdek, SCO Joseph Fry, SCO Antonio Toplyn, SCO Alonzo Wade, Hearing Officer Jack Ozvart, SCO Williams, SCO Gredo, SCO Mercer, SCO Pagon, Dr. Sterling, Sgt. John Does #1-4, SCO John Does #1-4, Dr. John Does #1-4.

　　　On May 1, 2002, the Honorable Mary L. Cooper, U.S.D.J. issued and Order and Opinion pursuant to 28 U.S.C. § 1915 permitting Plaintiff to proceed in forma pauperis. Judge Cooper

further ordered Plaintiff's Eighth Amendment excessive force claims against SCO Fry, Wade and Toplyn, retaliation claim against Defendants Terhune, Maurer, Hendricks, Faunce, Sgt. Hall, SCO Wade, SCO Fry, SCO Bonner, SCO Toplyn, right of association claim against Defendants Terhune, Maurer, Ortiz and Hendricks, and 42 U.S.C. § 1985(2) deterrence claims against SCO Fry, SCO Wade, SCO Toplyn, to proceed.

Judge Cooper dismissed Plaintiff's medical care, conditions of confinement, access to the courts, false disciplinary charge, due process violations against Defendant Ozvart, depravation of property, 42 U.S.C. § 1985(3) conspiracy and state law claims. Judge Cooper further ordered that plaintiff could file an Amended Complaint. Defendants Terhune and Maurer were served on June 25, 2002, Defendants Hendricks, Mee, Fry, Hall, Bonner, Toplyn and Wade were served on June 27, 2002. Defendant Faunce was served on July 12, 2002. Defendants Brzdek and Sterling were served on August 23, 2002 and Defendant Ortiz was served on September 16, 2002. Named Defendants Williams, Gredo, Mercer, and Ozvart were never served.

On July 22, 2002, Plaintiff filed an Amended Complaint naming an additional Defendant, Pagon. Named Defendant Pagon was never served.

On January 6, 2005, Plaintiff filed a Second Amended Complaint.

On December 8, 2004, Defendants filed the instant Motions for Partial Dismissal, and in limine. Having received no opposition to these motions from Plaintiff, the Court wrote a letter to the Plaintiff on January 5, 2005, adjourning the return date to February 22, 2005, and allowing Plaintiff to respond by February 8, 2005. The letter stated that if Plaintiff chose not to submit an opposition, the motion would be deemed unopposed and disposed of accordingly. On or about February 2, 2005, the Court received a letter on behalf of Plaintiff dated January 22, 2005, in

which Plaintiff explained that he might miss the Court's deadline, but that he would try to have the opposition submitted on time. To date, the Court has not received any further communication or filings from Plaintiff with regard to this motion.

**DISCUSSION:**

**I. Dismissal of Certain Defendants:**

Defendants Williams, Gredo, Mercer, Ozvart, and Pagon assert that they should be dismissed from this litigation because they were never served in accordance with Federal Rule of Civil Procedure 4(m).

The Federal Rules of Civil Procedure state that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss action without prejudice as to that defendant." **Fed. R. Civ. P.** 4(m).

Judge Cooper's Order permitting Plaintiff to proceed in forma pauperis was issued on May 1, 2002, well over three years ago. Plaintiff's amended complaint naming Defendant Pagon was filed on July 22, 2002, more than three years ago as well. Since that time, Plaintiff properly served several Defendants, but he has never affected proper service upon Defendants Williams, Gredo, Mercer, Ozvart, and Pagon. Plaintiff also filed an amended complaint which once again named Defendant Pagon on January 6, 2005. However, more than 120 days have passed since the filing of this amended complaint as well with no service affected upon these Defendants.

In light of the fact that Plaintiff has not served Defendants Williams, Gredo, Mercer, Ozvart, and Pagon within 120 days after the filing of his complaint or within 120 days of Judge

Cooper's Order permitting Plaintiff to proceed in forma pauperis, these Defendants will be dismissed without prejudice in accordance with **Fed. R. Civ. P.** 4(m).

## II.  CLAIMS PREVIOUSLY DISMISSED:

Defendants request that the Court preclude Plaintiff from introducing testimony or evidence that speaks to claims previously dismissed by the Court.

On May 1, 2002, the Honorable Mary L. Cooper, U.S.D.J. issued and Order and separate Opinion dismissing Plaintiff's claims regarding:  (1) medical care, (2) conditions of confinement, (3) access to the courts, (4) false disciplinary charge, (5) due process violations against Defendant Ozvart, (6) deprivation of property, (7) 42 U.S.C. § 1985(3) conspiracy, and (8) state law claims.[1]

In light of the fact that these claims were previously dismissed by Judge Cooper, Plaintiff will not be permitted to submit or elicit evidence at trial for the purpose of proving those allegations, as such evidence would be irrelevant and unduly prejudicial under Rules 402 and 403 of the Federal Rules of Evidence.

## III.  OTHER MOTIONS IN LIMINE:

Defendants also request that the Court preclude testimony or evidence against the

---

[1] The Court recognizes that several of these claims were dismissed without prejudice and with leave to file an amended complaint.  (See Opinion of May 1, 2002 at 16, 19, 22, 25, 27, and 40).  Subsequently, Plaintiff filed amended complaints on July 22, 2002, and again on January 6, 2005.  Substantively, however, neither of these amended complaints added anything of consequence to address the reasoning in Judge Cooper's Opinion as to why the claims were insufficient as stated.  Therefore, the Court will not allow Plaintiff to adduce evidence related to the aforementioned claims.

Defendants regarding any and all alleged assaults on other inmates. Defendants further request that the Court preclude Plaintiff from mentioning the fact that some prospective witnesses for the defense were previously named as Defendants in this matter.

Defendants first contend that Plaintiff should be precluded from testifying on the basis of accounts by other inmates regarding any alleged incidents of assault that they may have witnessed or endured. The Court agrees that any alleged incidents of assault on inmates that were not witnessed directly by Plaintiff or a witness before the Court constitute hearsay under **Fed R. Evid.** 801. As Plaintiff has not even attempted to demonstrate which hearsay exception, if any, might apply to allow such testimony to come in, the Court will preclude Plaintiff from presenting such testimony.

Defendants further contend that Plaintiff should not be permitted to present any testimony regarding alleged assaults on other inmates that he personally may have witnessed, as it would be unduly prejudicial and confusing to the jury and irrelevant under **Fed R. Evid.** 402 and 403. The Court notes that under **Fed R. Evid.** 404, character evidence is generally not admissible to prove conduct. Furthermore, the Court agrees that any such testimony would be irrelevant to Plaintiff's claims and unduly prejudicial to the Defendants under **Fed R. Evid.** 402 and 403. Since Plaintiff has not attempted to demonstrate a proper purpose for which he might testify about assaults on other inmates, the Court will preclude Plaintiff from presenting such evidence.

Finally, Defendants contend that the Court should preclude Plaintiff from mentioning the fact that some prospective witnesses for the defense were previously named as Defendants in this matter as it would also be unduly prejudicial and confusing to the jury and irrelevant under **Fed R. Evid.** 402 and 403. As the Court determined above, Defendants Williams, Gredo, Mercer,

Ozvart, and Pagon will be dismissed from this action for failure to serve.  However, the Court recognizes that the former status of these prospective witnesses as Defendants in this case may tend to show that they have a bias or motive to favor a particular party.  "The partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony."  Davis v. Alaska, 415 U.S. 308, 316 (1974).  Furthermore, "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination."  Id. at 316-17.  The Court cannot say that a witness' prior status as a Defendant in this very case could not reasonably tend to show bias against the Plaintiff.  Thus, it would not be irrelevant for Plaintiff to mention their status as prior Defendants, and the Court does not believe that it would be unduly prejudicial or confusing to do so.  Therefore, the Court will not preclude Plaintiff from mentioning the former status of these anticipated witnesses in their cross-examinations.

**CONCLUSION:**

For the foregoing reasons, the Court will dismiss Defendants Williams, Gredo, Mercer, Ozvart, and Pagon without prejudice.  The Court will preclude Plaintiff from introducing testimony or other evidence for the purpose of proving the allegations previously dismissed by Judge Mary L. Cooper, U.S.D.J.  The Court will also preclude Plaintiff from presenting testimony or evidence against the Defendants regarding any and all alleged assaults on other inmates.  Finally, the Court will permit Plaintiff to mention the fact that some prospective witnesses for the defense were previously named as Defendants in this matter.

                                                    s/
                               Stanley R. Chesler, U.S.D.J.

DATED: August 2, 2005