**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CLARENCE CHISLUM, | CIVIL ACTION NO. 01-4901 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| DEPARTMENT OF CORRECTIONS, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

The defendants Jack Terhune, Susan Maurer, Debbe Faunce, Roy Hendricks, Don Mee, Gregory Hall, Richard Bodnar, Steven Brzdek, Joseph Fry, Antonio Toplyn, and William Wade (collectively "State Defendants") move for summary judgment in their favor pursuant to Rule 56(c).[1]  (Dkt. entry no. 140.)  The Court, for the reasons stated herein, will grant the motion.

## BACKGROUND

The parties are familiar with the background of this action. (See dkt. entry no. 117, 8-2-05 Mem. Op.)  Plaintiff brought this action on October 18, 2001, alleging multiple claims arising out of incidents during his current incarceration at East Jersey State Prison ("EJSP") and prior incarceration at New Jersey State

---

[1] The Magistrate Judge permitted plaintiff to amend the complaint to name Jack Terhune in place of the Department of Corrections.  (Dkt. entry no. 95.)  Plaintiff replaced Terhune for the Department of Corrections in the second amended complaint. (Dkt. entry no. 109.)

Prison ("NJSP"). (Id.; dkt. entry no. 140, Defs. Stmt. Mat. Facts, at ¶¶ 1-2.)

The Court allowed plaintiff to proceed in forma pauperis, and dismissed plaintiff's medical care, conditions of confinement, access to the courts, false disciplinary charge, due process, deprivation of property, conspiracy and state law claims. (8-2-05 Mem. Op., at 2.) This Court allowed plaintiff's claims alleging excessive force under the Eighth Amendment, retaliation, right of association, and deterrence to proceed. (Id.) Plaintiff filed a second amended complaint on January 6, 2005. (Dkt. entry no. 109.) The Court subsequently, inter alia, dismissed the claims asserted against certain defendants without prejudice, and precluded plaintiff from introducing testimony or other evidence for purposes of proving the claims previously dismissed by the Court. (8-2-05 Mem. Op., at 6.)

The State Defendants move for summary judgment as to all claims on the ground that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). For the reasons stated herein the Court will grant the motion.

### DISCUSSION

I.  **Standard For Summary Judgment**

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

2

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id.  The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant has met this prima facie burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).  A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

   The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]."  Id. at 252.  "By its very terms, this standard provides that the mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original). A fact is material only if it might affect the action's outcome under governing law. Id. at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

**II.  The Exhaustion Of Administrative Remedies**

    1.   The Exhaustion Requirement under the PLRA

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2] The exhaustion of all administrative remedies is mandatory, even

---

[2] Failure to exhaust administrative remedies is an affirmative defense under the PLRA. Jones v. Block, 127 S.Ct. 910, 921 (2007). The defendants "have the burden of pleading and proving the defense in a motion for summary judgment or at trial." Kounelis v. Sherrer, No. 04-4714, 2005 WL 2175442, at *6 (D.N.J. Sept. 6, 2005) (citing Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004)). Defendants here properly raised the affirmative defense by asserting in their Amended Answer that the "claims of plaintiff are barred pursuant to the Prison Litigation Reform Act." (Dkt. entry no. 110, Tenth Separate Defense.)

4

if (1) the prisoner believes they are ineffective, or (2) the available administrative process cannot grant the desired remedy. Booth v. Churner, 532 U.S. 731, 739-41 (2001); see Porter v. Nussle, 534 U.S. 516, 524 (2002) (explaining that (1) "exhaustion in cases covered by [section] 1997e(a) is . . . mandatory," (2) "[a]ll available remedies must . . . be exhausted," and (3) the remedies need "not meet federal standards, nor must they be plain, speedy, and effective"). Therefore, to comply with the PLRA, a prisoner must "properly (i.e., on pain of procedural default) exhaust administrative remedies as a prerequisite to a suit in federal court." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004).

The PLRA's exhaustion requirement applies to all actions brought by inmates "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. The Court, in determining whether a prisoner has properly exhausted administrative remedies, must evaluate the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials. Spruill, 372 F.3d at 222.[3]  "[C]ompliance with

---

[3] The PLRA's exhaustion requirement applies to grievance procedures set forth in a New Jersey Department of Corrections ("NJDOC") inmate handbook, even if that handbook is not formally adopted by a state administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1355 (3d Cir. 2002).

5

the administrative remedy scheme will be satisfactory if it is substantial."  Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000).

The PLRA exhaustion requirement contemplates that the prisoner must bring a grievance to the attention of the appropriate prison official so that the official has an opportunity to respond to the grievance before the prisoner resorts to the courts.  Spruill, 372 F.3d at 227; see Porter, 534 U.S. at 524-25 (indicating PLRA "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case").  Moreover, after filing an initial complaint, the prisoner must carry the grievance through any available appeals process.  Nyhuis, 204 F.3d at 67.  Thus, a prisoner has not exhausted administrative remedies until the prisoner has pursued a grievance through each level of appeal available within the prison system.  Spruill, 372 F.3d at 232.

    2.   Whether Plaintiff Exhausted Administrative Remedies

The State Defendants contend they are entitled to summary judgment because "Chislum failed to properly exhaust his administrative remedies with respect to any of his claims against all of the defendants." (Defs. Br., at 11-12.)  The defendants have the burden to demonstrate that plaintiff failed to exhaust his administrative remedies.  Kounelis, 2005 WL 2175442, at *6.  The State Defendants have satisfied this burden, and plaintiff

has failed to provide any contrary information or documentation that he did exhaust his administrative remedies before bringing this action.

The State Defendants point out that EJSP and NJSP have adopted inmate handbooks setting forth the rights and privileges of inmates at each facility.  (Dkt. entry no. 140, Exs. 5-6, Steven M. Johnson Aff. ("Johnson Aff."), at ¶¶ 5-6; id., Ex. 7, Brenda A. Smith Aff. ("Smith Aff."), at ¶ 5.)  All prisoners receive a copy of the inmate handbook upon arrival at NJSP or EJSP.  (Johnson Aff., at ¶ 4; Smith Aff., at 4.)  The NJSP handbook includes a grievance procedure, which requires an inmate to first file an "administrative remedy form."  (Smith Aff., at ¶ 5 & Ex. 1, NJSP Inmate Handbook.)  Inmates can obtain an administrative remedy form "through their housing unit officers, social workers, or from the law library."  (Smith Aff., at ¶ 5.)  After completing the form, the inmate must return it to the "Office of the Executive Assistant in Charge of Remedy Forms," where it "is assigned a case number and given to the appropriate department for a response."  (Id., Ex. 1.)  When the form is returned to the Executive Assistant, it is documented in a log.  (Smith Aff., at ¶ 5.)  "When the inmate receives the response to that Administrative Remedy Form, his remedies have been exhausted."  (Id.)

The EJSP inmate handbook includes a grievance procedure nearly identical to the one outlined in the NJSP inmate handbook. (See Johnson Aff., Ex. A, EJSP Inmate Handbook.) The EJSP handbook also requires inmates to fill out an "administrative remedy form" available from their housing unit officers, social workers, or from the law library. (Johnson Aff., at ¶ 7.)

Plaintiff does not deny the existence of the administrative remedy procedures set forth in these inmate handbooks. Instead, plaintiff asserts that he (1) "exhausted count-less administrative remedies", including "specifically [giving] administrative remedy forms to NJSP correction officers", (2) sent complaint letters to various defendants, (3) "grieved to medical staff" about being assaulted by officers while at NJSP, and (4) "reported his assaults and harassments . . . to the ombudsman office, which they have record of." (See Pl. Br., at 1-2.) Plaintiff does not submit any evidence in support of these assertions, and the Court finds them insufficient to raise a material issue of fact as to whether plaintiff exhausted his administrative remedies. Moreover, these actions, even if taken by plaintiff, do not constitute the requisite "<u>proper</u> exhaustion" under the PLRA because they do not comport with the aforementioned administrative procedures at NJSP or EJSP. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2386 (2006) (holding that PLRA exhaustion requirement requires proper exhaustion which "demands

compliance with an agency's deadlines and other critical procedural rules").

Plaintiff's claim that he exhausted his administrative remedies is belied by the fact that the few administrative remedy forms he filed before bringing an action in this Court do not concern any issues or events raised in the action. The record submitted by the State Defendants shows that plaintiff did not file any administrative remedy forms in 2001 or 2002 while incarcerated at NJSP. (See Smith Aff., Exs. 2-3.) The only administrative remedy forms he submitted prior to then was in regard to missing property and his telephone PIN number, and none raised issues remotely relating to plaintiff's claims in this Court of excessive force, retaliation, right of association or deterrence. (Id.; see 8-2-05 Mem. Op. at 2 (outlining remaining viable claims).)

The administrative remedy forms filled out by plaintiff at EJSP also do not raise any issues relating to the claims in this action, but rather pertain to, inter alia, property, failure to receive mail due to a cell change, back-pay, being wait-listed for programs, and requesting a job change. (Johnson Aff., Exs. 4-13.) More importantly, the administrative remedy forms filled out by plaintiff at EJSP are all dated in the years 2005 or 2006. The complaint in this action was filed by plaintiff on October 18, 2001. (Dkt. entry no. 1.) The Court therefore concludes plaintiff failed to exhaust administrative remedies prior to

seeking relief in this Court.  See Spruill, 372 F.3d at 227 (holding prisoner must bring a grievance to the attention of the appropriate prison official so that the official has an opportunity to respond to the grievance before the prisoner resorts to the courts); Porter, 534 U.S. at 524-25 (indicating PLRA "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case").

Plaintiff has not alleged that any of the readily-available methods for him to file a grievance were unavailable to him while at NJSP or EJSP.  See Oliver v. Moore, 145 Fed.Appx. 731, 732 (3d Cir. 2005) (affirming judgment rejecting inmate's argument of substantial compliance with PLRA's exhaustion requirement by sending letters of complaint rather than using prison grievance system when inmate provided no evidence that prison's administrative remedy system was not available).  Also, plaintiff was aware of the grievance procedures at NJSP and EJSP as evidenced by the number of remedy forms he filed while incarcerated.  (Smith Aff., Exs. 2-3; Johnson Aff., Exs. 4-13.) The Court therefore concludes the State Defendants have demonstrated that plaintiff failed to exhaust his available administrative remedies while at NJSP and EJSP.

Plaintiff has not argued that (1) "prison officials precluded him from filing administrative requests or appeals so that the defendants are estopped from raising exhaustion as an

affirmative defense," or (2) the procedures were unclear, possibly "creating special circumstances to justify excusing the exhaustion requirement."  See Ramos v. Smith, No. 04-249, 2005 WL 3054291, at *5 (E.D. Pa. Nov. 14, 2005) (pointing out that Third Circuit Court of Appeals "has concluded that dismissal or summary judgment under [section] 1997e(a) is inappropriate when prison officials have misled or otherwise precluded the inmate from filing or exhausting prison grievance procedures").

## CONCLUSION

The Court concludes that the State Defendants have demonstrated that plaintiff failed to exhaust his administrative remedies as required by the PLRA.  Therefore, the Court will (1) grant the motion to the extent that it seeks summary judgment in favor of the State Defendants for failure to exhaust administrative remedies, (2) grant summary judgment to all remaining defendants, Jack Terhune, Susan Maurer, Debbe Faunce, Roy Hendricks, Don Mee, Gregory Hall, Richard Bodnar, Steven Brzdek, Joseph Fry, Antonio Toplyn, and William Wade, and (3) enter judgment in their favor.  The Court also denies as moot the part of the motion seeking summary judgment on other grounds. The Court will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge